**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 9 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-31423 |
| | ) | |
| Toney C. Armstrong and | ) | Chapter 7 |
| Lavinia M. Arnstrong, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION FOR TURNOVER

This case is before the court on the Debtors' Motion for Turnover ("Motion") [Doc. # 13]. In the Motion, Debtors seek an order directing Creditor Midland Funding LLC, dba Midland Funding DE LLC, ("Midland Funding") to turnover funds garnished from Debtors' wages. The basis of Debtors' Motion is their contention that the garnishments occurred within ninety days preceding the filing of their petition and that they are entitled to recovery of these funds pursuant to 11 U.S.C. § 522. Debtors' certificate of service is defective in that it refers to service of "Debtors' Certificate of Service of Tax Information to Trustee" rather than the Motion and states that the document was served on Midland Funding by ordinary mail. Midland Funding has not opposed the Motion within the time set forth in the notice appended to it and as required by the local bankruptcy rules. Nevertheless, in addition to the defective certificate of service, the Motion itself is procedurally defective.

Under Bankruptcy Rule 7001, "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002," must be brought by adversary proceeding, which is commenced by a properly

filed and served complaint. Fed. R. Bankr. P. 7001(1) and 7003; *see, also, Camall Co. v. Steadfast Ins. Co. (In re Camall Co.),* 16 Fed. Appx. 403 (6th Cir. 2001) (affirming bankruptcy court's decision denying a motion for turnover because it was filed as a motion rather than as an adversary proceeding as required under Rule 7001); *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) (finding that a turnover order entered in an action commenced by motion rather than by complaint must be vacated) ; *In re Wheeler Tech., Inc.*, 139 B.R. 235, 239 (B.A.P. 9th Cir. 1992) (vacating bankruptcy court's order for turnover because proceeding was "inappropriately brought by . . .motion where an adversary proceeding is required"); *In re Barringer*, 244 B.R. 402, 410 (Bankr. E.D. Mich. 1999); *In re Riding*, 44 B.R. 846, 859 (Bankr. Utah 1984) (stating that "[t]he Bankruptcy Rules mandate that the court await the commencement of an adversary proceeding before determining whether turnover shall be required"). None of the exceptions to Rule 7001(1) are applicable in this case. Thus, Rule 7001 required Debtors to file their request for turnover as an adversary proceeding, subject to the procedural rules governing such proceedings, including rules governing service of the summons and complaint in Bankruptcy Rule 7004.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Debtors' Motion [Doc. # 13] be, and hereby is, **DENIED, without prejudice.**

###